## In re HELPBRINGER.

**Kansas City Court of Appeals, January 5, 1914.**

**EXECUTORS AND ADMINISTRATORS:** Gratuitous Services: Contracts. Services rendered by a daughter at the request of a deceased father to the daughter's stepmother are presumed to be gratuitous and in order to recover against the father's estate the daughter must show an expectation to pay and to receive pay; though such contract may be established by circumstances, as well as by direct evidence.

Appeal from Buchanan Circuit Court.—*Hon. C. H. Mayer,* Judge.

AFFIRMED.

*B. J. Casteel* for appellant.

*William E. Stringfellow* for respondent.

ELLISON, P. J.—Plaintiff's action was begun before the probate court of Buchanan county on an account for services rendered to her stepmother at the request of her deceased father. That court found against her when she appealed to the circuit court where, again, the judgment was for the estate.

The case was submitted to the jury under instructions from the court and we cannot discover any ground which would authorize our interference. In such cases it is the law that the plaintiff asking an allowance must prove that an intention to charge for the services and an intention on the part of the deceased to pay for them. In other words, a contract must be proven. But such contract may be established by circumstances; that is to say, it is not essential that it be shown by direct evidence. Plaintiff's instruction number one, correctly submitted the case in that way. She complains of the refusal of another instruction stating the same propositions, but as it covered

the same ground as in that given, no error was committed.

Instructions 1 and 3 for defendant, complained of by plaintiff, were unobjectionable. The first one stated the proposition that an expectation to be provided for by will of itself did not establish a contract. This was proper and was made applicable by the fact that a will figured in the evidence.

Instruction 3 was no more than a statement of the familiar proposition that in order to overcome the presumption that services rendered a father by the child in the family are presumed to be gratuitous which it was necessary for plaintiff to overcome by showing a contract to pay. The law governing this class of cases is now so well understood as not to require discussion. [Bercher v. Boemler, 204 Mo. 553; Guenther v. Burricht, 22 Mo. 439; Woods v. Land, 30 Mo. App. 176; Brand v. Ray, 156 Mo. App. 622.]

Plaintiff insists that the weight of the evidence is in her favor. If we were at liberty to weigh the evidence our conclusion would be that it was against the plaintiff.

Plaintiff's offer to show that her brothers and sisters were not opposed to the claim was properly refused. Nor do we discover any possible relevancy in the will of the deceased stepmother and find it was properly disallowed as evidence.

The judgment is affirmed. All concur.